## Ex Parte Colón.

## Apelación procedente de la Corte de Distrito de Guayama.

No. 125.—Resuelto en diciembre 12, 1907.

Habeas Corpus—Prisión Ilegal.—El artículo 54 del Código Penal no ha sido derogado por ley alguna, y si un acusado fuere condenado á multa por una corte municipal y, en defecto de pago, á prisión por un término *mayor* de noventa días, cumplido este término de prisión, su reclusión será ilegal y procederá decretar su excarcelación en un procedimiento de *habeas corpus*.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. Figueras, emitió la opinión del tribunal.

La corte municipal de Cayey condenó á Eustaquio Colón, por el delito de acometimiento y agresión con agravantes, á la pena de quinientos dollars de multa, ó en su defecto, á un día de arresto por cada dollars que deje de satisfacer. Ingresó en el establecimiento penal, según mandamiento, el 27 de agosto de 1907.

En veinte y cinco de noviembre del mismo año, presentó un recurso de *habeas corpus* ante la Corte de Distrito de Guayama, alegando que su prisión era ilegal, toda vez que, según el artículo 54 del Código de Enjuiciamiento Criminal, no podía estar en prisión por más de noventa días, y ya todo ese tiempo lo había cumplido preso en la referida cárcel de Cayey.

La Corte de Distrito de Guayama sustanció el recurso y negó la excarcelación, en veinte y nueve de noviembre de 1907, bajo el fundamento de que dicho artículo 54 ha sido implícitamente derogado, en virtud de posteriores leyes que lo contradicen y lo hacen inaplicable, y á este propósito cita y considera varias disposiciones que, en su sentir, demuestran la referida derogación implícita.

Eustaquio Colón interpuso recurso de apelación.

Los artículos 322 y 54 del Código de Enjuiciamiento Criminal han sido motivo de repetidas consideraciones por parte de este tribunal, y en apoyo de esta afirmación podemos citar los casos de

*Gabriel Díaz,* fallado en 6 de mayo de 1907.

*José Maíz,* fallado en 21 de junio de 1907.

*Rafael Laviosa,* fallado en 30 de octubre de 1907.

Pero donde claramente se declaró la vigencia del artículo 54, que es aquí la cuestión del recurso á resolver, fué en el caso de *habeas corpus* de *Guadalupe Andino,* fallado en 28 de mayo de 1905.

Allí clara y distintamente se estableció la vigencia de ese precepto, cuando se trata de penas alternativas de multa ó prisión impuestas hoy por las cortes municipales.

No hay razón alguna para variar ahora de criterio, y como la pena que sufre el recurrente Eustaquio Colón ha traspasado el límite de noventa días que el repetido artículo 54 señala, su prisión actual es ilegal, y es justa su inmediata excarcelación, en virtud del derecho que le otorga el número 2°. del artículo 483 del Código de Enjuiciamiento Criminal, y por tanto, debe revocarse la sentencia apelada.

*Revocada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, MacLeary y Wolf.